

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*P. Michael Cunningham*<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4884*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091*<br>*TTY/TDD: 410-962-4462*<br>*michael.cunningham@usdoj.gov* |

March 7, 2013

Andrew M. Battista, Esq.
409 Washington Avenue, Suite 600
Towson, Maryland 21204-4920

> Re:    *United States v. Anthony K. Mastrogiovanni*
>         Criminal Number   12-3297-PWG

Dear Mr. Battista:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland and the U.S. Department of Justice, Child Exploitation and Obscenity Section (collectively "this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by March 21, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

1.      The Defendant agrees to plead guilty to a criminal Information charging him with Sexually Exploiting a Minor for the Purpose of Producing a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the dates specified in the Information, in the District of Maryland and elsewhere, to include the Middle District of Louisiana and the District of Nevada, respectively, the Defendant:

1

        a.     Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

        b.     For the purpose of producing a visual depiction of such conduct;

        c.     the visual depiction was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, or that the visual depiction was mailed or transported in interstate or foreign commerce.

     3.     <u>Penalties</u>

        a.     The sentence provided by statute for the offense to which your client is pleading guilty is as follows: not less than fifteen (15) years and not more than thirty (30) years imprisonment, a $250,000 fine, and supervised release for 5 years to life.  In addition, the Defendant must pay $100 as a special assessment for each count of conviction pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

        b.     The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

     4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.     The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him.  By agreeing to proceed by way of Information, he is giving up that right, and understands that the

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

charges will be filed by the United States Attorney without the Grand Jury.

b.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

c.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have

3

consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.     The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

b.     Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a four (4) level increase because victims in this case were under 12 years old at the time of the offense.

c.     Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact.

d.     Pursuant to U.S.S.G. §2G2.1(b)(3), there is a two (2) level increase because the offense involved distribution.

e.     Pursuant to U.S.S.G. §2G2.1(b)(4), there is a four (4) level increase because the offense involved material that portrays sadistic or masochistic conduct.

e.     Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because the minor victims were in the care, custody or supervisory control of the defendant.

f.     Pursuant to U.S.S.G. §4B1.5(b), there is a five (5) level increase because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

4

g.      Therefore, before any adjustment for acceptance of responsibility, the adjusted offense level is fifty-one (51).

7.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final adjusted offense level, therefore, is contemplated to be forty-eight (48).**

8.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Rule 11 (c) (1) (C) Plea

10.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence **of between 240 and 360 months** of imprisonment is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The Defendant reserves the right to request that some or all of any term of incarceration imposed run concurrently with the remainder of the undischarged term of state imprisonment; this Office will oppose such a request.

### Obligations of the United States Attorney's Office

11.     At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence, within range identified in paragraph 10 above, plus a lifetime period of supervised release.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

13.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. §1291 or otherwise, to appeal the Defendant's conviction.

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds thirty (30) years; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below twenty (20) years.

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's

obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

16.     The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his Las Vegas, NV hotel room and Crofton, MD, residence on July 19, 2012, including, but not limited to: all items listed on the respective search warrant returns for the warrants executed at those locations. The Defendant further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Restitution

17.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual

stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Entire Agreement

18.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: P. Michael Cunningham By
P. Michael Cunningham
Assistant United States Attorney

By:
Keith A. Becker
Trial Attorney, Department of Justice

8

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____
Date

_____
Anthony K. Mastrogiovanni

I am Mr. Mastrogiovanni's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____
Date

_____
Andrew M. Battista, Esquire

9

## ATTACHMENT A-STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

### FACTUAL RECITATION

Between approximately September of 2006 and July of 2012, the defendant produced child pornography in the States of Maryland and Louisiana involving 34 male juveniles who ranged in age from 9 to 16 years of age. During that time period, the defendant met and befriended his victims via his involvement in civic organizations such as Big Brothers and the Boy Scouts, coaching sports teams, his military affiliation as a U.S. Navy Reservist, and/or by developing friendships with the victims' parents. The defendant gained the victims' trust and the trust of their parents/guardians and invited the victims to spend time at his apartment where they remained within his care, custody and control for periods of time, including overnight visits. While at his apartment, the defendant provided juvenile male victims with pornography and sexual aides and instructed them/encouraged them to masturbate. The defendant captured video of the victims' actions, including masturbation and urination, on cameras hidden primarily in the bathroom of his various residences, as well as in other parts of his apartments in both Louisiana and Maryland. In approximately 2009, the defendant transported videos of the minor victims that he created in Louisiana to the State of Maryland. In 2012, the defendant transported videos of the minor victims that he created in Louisiana and Maryland to the State of Nevada.

The defendant also engaged in multiple instances of knowing oral and anal sex with one juvenile male victim in Louisiana who was approximately between the ages 13 and 16 at the time. Video depicting the defendant engaging in oral sex with that victim in Louisiana was discovered during the searches described below.

The defendant also surreptitiously engaged in oral sex on multiple occasions with five juvenile victims while they were sleeping at his apartments in both Maryland and Louisiana. Those victims ranged in age from between approximately 9 and 13 years of age at the time. The defendant video recorded that conduct, which video recordings were recovered pursuant to the searches described below.

On July 19, 2012, Inspectors of the United States Postal Inspection Service executed a search warrant at the defendant's hotel room in Las Vegas, NV. Recovered during the search were two external hard drives. One hard drive contained the defendant's collection of self-produced child pornography, as described above. The materials included still images and videos of the juvenile male victims and were meticulously organized according to the victim's name, age and the date of the sexual abuse. That hard drive also contained a large collection of privately-produced child

pornography that the defendant had received from other individuals who had produced the materials. A second hard drive contained an extensive collection of other child pornography. In total, over 30,000 images of suspected child pornography were located on those hard drives, including images and videos depicting sadistic and masochistic conduct. The defendant gave a detailed confession to law enforcement including the full name of each juvenile victim and the various locations of sexual abuse/production of child pornography.

That same day, federal agents searched the defendant's apartment in Crofton, MD. There they discovered a hidden video camera and video transmitting equipment, a compact disc containing hidden camera child pornography videos of one juvenile victim, and other electronic storage devices containing child pornography. In total, over 10,000 images of suspected child pornography were located on electronic devices found in the apartment.

In or about February of 2012, the defendant distributed via the Internet nearly all of his hidden-camera child pornography videos of the juvenile victims to another suspect, on whose computer federal agents located those videos pursuant to a court-authorized search in a related investigation.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

| | |
|---|---|
| 4.9.13 | Anthony R. Mastrogiovanni |
| Date | |
| 4.9.13 | Andrew M. Battista, Esquire |
| Date | |